## J. T. WILLIAMSON v. O. E. JONES.

**Land—Judgment of Sale—Affidavit as to Personal Property.**
　　It is error to adjudge the sale of land in the absence of an affidavit that the defendant has no personal property.

**Same—Reasonable Time for Exepting to Report of Sale.**
　　Less than three days has never been recognized as a reasonable time to accept a report of sale.

**Resersal of Judgment of Sale—Restitution.**
　　Upon the reversal of a judgment of sale of land the owner is entitled to restitution, where the creditor is the purchaser notwithstanding he has transferred his purchase to a stranger.

APPEAL FROM CAMPBELL CIRCUIT COURT.

July 2, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The appellee's house and two lots, worth, as we may infer, at least $1,000, were sold for about $127 by an unusually precipitate procedure against him as a non-resident, without actual notice. The judgment for the sale and confirmation of it was erroneous for at least two reasons: First, there was no affidavit that the appellee had no personal property sufficient to pay the debt, as required by the 251st section of the Code of Practice, and a decision thereon in Payne against Witherspoon cited in the notes. Second—Reasonable time for excepting to the report of sale was not allowed. This court has never recognized less than three days as reasonable time; but, in this case, the report was prematurely confirmed the day after it was filed.

Wherefore, the judgments of sale and confirmation were erroneous, and are therefore reversed. The creditor having been the purchaser, this reversal would entitle the appellee to restitution of the property sold, had there been no transfer to the appellant. And, as he was only substituting as the purchaser, he must, as hitherto adjudged, be considered and treated as standing in his shoes.

Wherefore, the Circuit Court properly vacated the conveyance to him; and we see no error in the allowance of rents.

Wherefore, the judgment appealed from is affirmed.